UNITED STATES DISTRICT COURT
IN THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EARNINGS PERFORMANCE GROUP, INC.,

    Plaintiff,

vs.

Case Number 03-73733

Honorable Julian Abele Cook, Jr.

ROBERT QUIGLEY, JR., EUGENE CARRIGAN,
BANK INSIGHT, LLC, MICHAEL G. STAVALE,
and STAVALE & GEMMETE, PLLC,

    Defendants.
_____/

Richard W. Paul (P29433)
Daniel D. Quick (P48109)
**DICKINSON WRIGHT PLLC**
Attorneys for Plaintiff
38525 Woodward Ave., Suite 2000
Bloomfield Hills, MI 48303-0509
(248) 433-7200

John A. Zick (P34305)
Attorney for M. Stavale and
Stavale & Gemmete, PLLC
34705 W. Twelve Mile Road
Suite 311
Farmington Hills, MI 48331
(248) 489-1447

Daniel J. Bretz (P34334)
Paul W. Coughenour (P34335)
**BRADY HATHAWAY BRADY & BRETZ, P.C.**
Attorneys for Defendants Robert Quigley, Jr., Eugene
Carrigan and Bank Insight LLC
535 Griswold Street
1330 Buhl Bldg.
Detroit, MI 48226
(313) 965-3700
_____/

## DEFENDANTS' MOTION TO DISMISS PURSUANT TO
### *RULE 12(b)(1) AND (6)*

NOW COME Defendants **ROBERT L. QUIGLEY, JR., EUGENE CARRIGAN** and **BANK INSIGHT, LLC,** by and through their attorneys, **BRADY HATHAWAY BRADY & BRETZ, P.C.** by **Daniel J. Bretz** and **Paul W. Coughenour,** and for their Motion to Dismiss filed pursuant to *Fed. R. Civ. Pro. 12(b) (1)* and *(6)* state:

1. On September 26, 2003, Plaintiff Earnings Performance Group, Inc. ("EPG") filed its Complaint against Defendants Robert L. Quigley, Jr., Eugene Carrigan, Bank Insight, LLC, Michael G. Stavale, and Stavale & Gemmete, PLLC. As to Defendants Quigley, Carrigan and Bank Insight, LLC, Plaintiff simply alleges that they have consented to Mr. Stavale's appearance *pro hac vice* in certain litigation pending in the United States District Court for the District of New Jersey between Plaintiff and a third party, Profit Technologies Corp. ("PTC"). *[Plaintiff's Complaint, ¶ 18].*

2. A motion to dismiss under *Fed. R. Civ. Pro. 12(b)(1)* and *(6)* tests the legal sufficiency of a complaint. A motion under this Court Rule is properly granted where, as here, the plaintiff has failed to allege facts and circumstances that could support its claims.

3. Dismissal under *Fed. R. Civ. Pro. 12(b)(6)* is proper as to Defendants Quigley, Carrigan and Bank Insight, LLC because Plaintiff's claim for alleged breach of the parties' confidential settlement agreement is legally unsustainable.

4. Plaintiff's claim fails as a matter of law for the reason that, by consenting to Michael G. Stavale's appearance *pro hac vice* in an unrelated matter pending in the District of New Jersey, Defendants Quigley, Carrigan and Bank Insight, LLC did not "assist or work with any third party regarding any claim or dispute between said third party and EPG." *[See, Order: October 3, 2003].* Defendants did nothing more than waive their *own* right to object to a potential conflict of interest concerning Mr. Stavale's representation of a third party. In no way did this waiver constitute affirmative assistance to PTC in the litigation brought by Plaintiff.

5.  Dismissal is also proper under *Fed. R. Civ. Pro. 12(b)(6)* since the relief which Plaintiff seeks – to have Defendants *retract* the consent given to Mr. Stavale – would result in a violation of Model Rule of Professional Conduct 5.6(b). Rule 5.6(b) provides that an attorney "shall not participate in offering or making ... an agreement in which a restriction on the lawyer's right to practice is part of the settlement of a controversy between private parties." The relief requested by Plaintiff is in direct contravention of this Rule as such relief would operate to improperly prohibit Mr. Stavale from representing a party in an action against Plaintiff.

6.  Dismissal is further warranted since the matter of Mr. Stavale's appearance *pro hac vice* has already been ruled on by the United States District Court for the District of New Jersey. The Honorable Ronald J. Hedges, United States Magistrate Judge, issued a Pretrial Scheduling Order permitting the admission of Mr. Stavale *after* an *in camera* review of the parties' settlement agreement. Magistrate Judge Hedges' ruling precludes separate consideration of the same issue in this action. Plaintiff's Motion must not be granted as the relief Plaintiff seeks is tantamount to a collateral attack on Magistrate Hedges' Order.

6.  Concurrence of opposing counsel in the relief requested herein was sought and not obtained on October 16, 2003, rendering it necessary for Defendants to bring this Motion.

**WHEREFORE**, Defendants Robert L. Quigley, Jr., Eugene Carrigan and Bank Insight, LLC, respectfully request that this Honorable Court grant their Motion to Dismiss Plaintiff's Verified Complaint pursuant to *Fed. R. Civ. Pro. 12(b)(1)* and *(6)* or, in the alternative, deny Plaintiff's request for injunctive relief and grant Defendants their costs and attorneys fees incurred in responding to Plaintiff's Motion.

                                                Respectfully submitted,

By: *(signature: Paul W Coughenour)*

                                            **Daniel J. Bretz (P 34834)**
                                            **Paul W. Coughenour (P 34335)**
                                            Attorneys for Defendants Robert Quigley, Jr.,
                                            Eugene Carrigan and Bank Insight, LLC
                                            1330 Buhl Building
                                            Detroit, Michigan 48226
                                            (313) 965-3700

Dated: October 17, 2003

F:\CLIENT\BANK INSIGHT\Pleadings\Motion Dismiss.wpd